IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DONNA BUTCHER, MELLIE BUCHANON,     PLAINTIFFS
HATTIE STOVALL, JESSICA KIZER,
KENNETTA JOINER AND ANDREA MCTIGRIT,
Individually and on behalf of others similarly situated

VS.                 CASE NO. 5:12-CV-241SWW

DELTA MEMORIAL HOSPITAL     DEFENDANT

**DEFENDANT'S STATEMENT OF
UNDISPUTED MATERIAL FACTS**

Comes the defendant, Delta Memorial Hospital, pursuant to Local Rule 56.1, and states that the following material facts are undisputed:

**I.**

1. The defendant, Delta Memorial Hospital, is a non-profit hospital located in Dumas, Arkansas; that it provides general medical and surgical care for inpatient, outpatient, obstetrics and emergency room.

2. At all relevant times, the defendant, Delta Memorial Hospital, was "primarily engaged in the care of the sick, the aged, or the mentally ill."

**II.**

**Donna Butcher**

3. Plaintiff, Donna Butcher, was employed with Delta Memorial Hospital beginning in 2007; and her employment ended on May 3, 2012.

4. At all relevant times, plaintiff, Donna Butcher, was paid by the hour.

5. At all relevant times, plaintiff, Donna Butcher, was employed with Delta as an x-ray technician.

6. The plaintiff, Donna Butcher's, primary job duty was to take x-rays of parts of the human body for diagnostic purposes.

### III.

### Mellie Buchanon

7. The plaintiff, Mellie Buchanon, was rehired by the defendant, Delta Memorial Hospital, in 2004; and her employment ended in July 2010

8. At all relevant times, the plaintiff, Mellie Buchanon, was paid by the hour.

9. During her employment with Delta Memorial Hospital, Mellie Buchanon was employed in the pharmacy, in the lab and finally as an LPN.

10. At all relevant times, as an LPN, Mellie Buchanon's primary duty was nursing and caring for patients located in the emergency room.

11. At all relevant times, the plaintiff, Mellie Buchanon, was an LPN who was ordinarily scheduled to work 12-hour shifts (on 3 days, off 2 days then on 2 days, off 2 days). There was overtime built into Mellie Buchanon's schedule. One week would have 48 scheduled hours and the next week would have 36 scheduled hours.

### IV.

### Hattie Stovall

12. Plaintiff, Hattie Stovall, was employed by Delta Memorial Hospital beginning in 1992 and her employment ended on December 8, 2010.

13. Hattie Stovall was paid by the hour.

14. During her employment with Delta Memorial Hospital, Hattie Stovall was employed as a cook.

15.     The plaintiff, Hattie Stovall's, primary job duties were to cook, organize the groceries for the kitchen and screen patients.

V.

### Jessica Kizer

16.     Plaintiff, Jessica Kizer, was employed by Delta beginning in 2005 and her employment ended in 2010.

17.     Plaintiff, Jessica Kizer, was paid by the hour.

18.     During her employment with Delta Memorial Hospital, Jessica Kizer was employed as a Certified Nursing Assistant (CNA) and finally as a Respiratory Technician.

19.     As a Respiratory Technician, Jessica Kizer's primary duties were to run tests on patients, provide oxygen to patients and other tasks that ensure individuals under her care are receiving respiratory aid as needed.

VI.

### Andrea McTigrit

20.     Plaintiff, Andrea McTigrit, was employed by Delta Memorial Hospital beginning in February of 2007 and her employment ended in November of 2010.

21.     Plaintiff, Andrea McTigrit, was paid by the hour.

22.     During her employment with Delta Memorial Hospital, Andrea McTigrit was employed as an LPN in the emergency room.

23.     As an emergency room LPN, she was responsible for receiving patients, taking patients from the waiting room to the appropriate hospital room, and other duties in treating patients who entered and were treated in the emergency room.

24. At all relevant times, the plaintiff, Andrea McTigrit, was an LPN who was ordinarily scheduled to work 12-hour shifts (on 3 days, off 2 days then on 2 days, off 2 days). There was overtime built into her schedule. One week would have 48 scheduled hours and the next week would have 36 scheduled hours.

## VII.

### Kennetta Joiner

25. Plaintiff, Kennetta Joiner, became employed with Delta Memorial Hospital beginning in May of 2009 and her employment ended in January of 2010.

26. Plaintiff, Kennetta Joiner, was paid by the hour.

27. During her employment with Delta Memorial Hospital, Kennetta Joiner was employed as a Ward Clerk.

28. As a Ward Clerk, Kennetta Joiner was responsible for completing paperwork and preparing hospital rooms for incoming patients.

## VIII.

### Hospital Policy Related to Lunch Breaks

29. At all relevant times, the defendant, Delta Memorial Hospital, had a policy that all hourly, non-exempt employees were granted a thirty (30) minute lunch break, which could be taken outside the hospital or inside the hospital. At all relevant times, the hospital had a cafeteria that was available on site and open to all employees.

30. At all relevant times, the defendant, Delta Memorial Hospital, had a policy that, if an hourly, non-exempt employee left the hospital for lunch, then the employee was supposed to clock out upon leaving and clock back in upon returning.

31.     At all relevant times, if an hourly, non-exempt employee did not leave the hospital for lunch, then the hospital's time clock automatically deducted 30 minutes for a lunch break.

32.     At all relevant times, the hospital had a policy that if for some reason an employee worked through their allotted lunch break, then the employee was responsible for notifying the employee's supervisor so the supervisor could override the automatic deduction to reflect the actual time worked.  This was because employees often took their lunch break at irregular times, as time permitted, and there was no way for the hospital to know if an employee never took a lunch break unless the employee told their supervisor.

33.     There was never an instance where any plaintiff ever notified her supervisor that they did not take a lunch break without the appropriate adjustment being made.

34.     The defendant, Delta Memorial Hospital, is not aware of any fact or circumstance from which it knew or should have known that any plaintiff was not following hospital policy as outlined in paragraph 32 above.

IX.

Clocking In and Clocking Out

35.     At all relevant times, the defendant, Delta Memorial Hospital, had a policy that all hourly, non-exempt employees were supposed to clock in upon arrival for their shift and clock out upon completion of their shift.

A.

36.     There was never an instance where any plaintiff was ever encouraged or required to come in early and perform work before clocking in.

37.     The defendant, Delta Memorial Hospital, is not aware of any instance where any plaintiff came in and performed work before clocking in.

38. The defendant, Delta Memorial Hospital, is not aware of any facts from which it should have known that any plaintiff was performing work before clocking in.

B.

39. At all relevant times, the defendant, Delta Memorial Hospital, had a policy that all hourly, non-exempt employees were responsible for clocking out when their work was completed.

40. If, for some rare reason, an employee did stay late after clocking out, then the employee would have been responsible for reporting that event to their supervisor, so an adjustment could be made.

41. No supervisor at Delta Memorial Hospital is aware of any instance where any plaintiff requested an adjustment, and an adjustment was not made.

42. There was never an instance where any plaintiff stayed late to complete job duties, without compensation and no supervisor at Delta Memorial Hospital is aware of any such instance.

C.

43. No supervisor at Delta Memorial Hospital is aware of any instances where any employee stayed late to complete job duties, without compensation and no supervisor at Delta Memorial Hospital aware of any fact that would suggest that occurred.

X.

**The Hospital Time Clock Rounds**

44. At all relevant times, Delta Memorial Hospital's time clock was set to round to the nearest 15-minute interval, based on an 8-minute rounding rule. The clock rounds both up

and down. For example: If an employee clocks in at 7:49 for an 8:00 shift start, then the clock rounds down to 7:45 or if an employee clocks out at 3:52, then the clock rounds up to 4:00.

45. At all relevant times, all plaintiffs were paid for all hours worked as documented by the time clock records, subject to any manual adjustments made by the supervisors.

46. There was never an instance where any plaintiff requested an adjustment and their supervisor failed to make the adjustment.

## XI.

### The Overtime Allegations

47. At all relevant times, all employees were scheduled to work and were paid for their work, in a manner that compiled with all applicable overtime laws and regulations. No employee worked over time without proper compensation.

48. Regarding the specific allegations by Mellie Buchanon, she was an LPN who was ordinarily scheduled to work 12-hour shifts (on 3 days, off 2 days then on 2 days, off 2 days). One week would have 48 scheduled hours and the next week would have 36 scheduled hours. There was overtime built into her schedule and she was properly compensated for all work.

49. Regarding the specific allegations by Andrea McTigrit, she was an LPN who was ordinarily scheduled to work 12-hour shifts (on 3 days, off 2 days then on 2 days, off 2 days). One week would have 48 scheduled hours and the next week would have 36 scheduled hours. There was overtime built into her schedule and she was properly compensated for all work.

50. No Plaintiff ever notified or confronted defendant with any complaint that defendant was not fully paying them for all hours worked.

51. No supervisor at Delta Memorial Hospital, was aware of any fact or circumstance that would have put them on notice that any plaintiff was not being properly paid for all hours worked.

## XII.

52. It is standard hospital procedure to conduct employee orientation when an employee was hired and to conduct ongoing employee training during each year. Some of the policies outlined herein were not written down in the employee handbook. However, through employee orientation and continuing employee training, all of these policies were routinely discussed with all employees. Each plaintiff had adequate opportunity to know and understand the defendant's policies as outlined herein.

## XIII.

53. The defendant, Delta Memorial Hospital, was recently audited by the U. S. Department of Labor (the "DOL"). The auditor was aware of the issues raised in the plaintiffs' Complaint. The DOL fully investigated the allegations but did not find any violation of any law or regulation by Delta Memorial Hospital.

RESPECTFULLY SUBMITTED,

GILL LAW FIRM, PLC
Post Office Box 70
Dumas, AR 71639
(870) 382-4988 Telephone
(870) 382-4992 Facsimile
gillfirm@centurytel.net

By: _____
B. Page Gill (ABN 2012158)

ATTORNEYS FOR THE DEFENDANT

CERTIFICATE OF SERVICE

I, B. Page Gill, attorney for the defendant, do hereby certify that a true and correct copy of the foregoing document was served via electronic mail and via U. S. Postal Service to the following:

Maryna O. Jackson, Esq.
John T. Holleman, Esq.
HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, AR 72201
jholleman@johnholleman.net
maryna@johnholleman.net

William B. Ryan, Esq.
Bryce W. Ashby, Esq.
DONATI LAW FIRM, LLP
1545 Union Avenue
Memphis, TN 38104
billy@donatilawfirm.com
bryce@donatilawfirm.com

on this 20 day of February, 2013.

B. Page Gill