IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DONNA BUTCHER, MELLIE BUCHANON,　　　　　　　　　　　　　　　　PLAINTIFFS
HATTIE STOVALL, JESSICA KIZER,
KENNETTA JOINER AND ANDREA MCTIGRIT,
Individually and on behalf of others similarly situated

VS.　　　　　　　　　　　CASE NO. 5:12-CV-241SWW

DELTA MEMORIAL HOSPITAL　　　　　　　　　　　　　　　　　　　　DEFENDANT

**REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes the defendant, Delta Memorial Hospital, by and through its attorneys, Gill Law Firm, PLC, and for its Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment, states:

I.

**PLAINTIFFS' RESPONSE IS NOT
SUPPORTED BY ANY NEW AFFIDAVITS**

The defendant's Motion for Summary Judgment and Brief in Support addresses, in considerable detail, how the sworn declarations attached to plaintiffs' Motion for Certification are woefully inadequate to avoid summary judgment.

Among other things, the inadequacies include: (1) that the plaintiffs' declarations contain only very brief conclusory statements; (2) that the statements in the declarations are really nothing more than allegations in the sense that the statements do state specific facts; (3) the plaintiffs' declarations do not address numerous key factual points raised in defendant's

affidavits, which, if left unrebutted, would entitle defendant to a summary judgment; and (4) that the declarations are inconsistent with plaintiffs' discovery responses.

The arguments raised in defendant's Motion for Summary Judgment shifted to the plaintiffs the burden to come forward with new affidavits, which state specific facts adequate to avoid summary judgment. However, plaintiffs' Response does not attach even a single affidavit, deposition or other item of sworn testimony. Instead, plaintiffs' Response loosely refers to the declarations, and the vague allegations therein, attached to plaintiffs' Motion for Conditional Class Certification.

The fact that plaintiffs did not provide any new affidavits stating specific facts to support plaintiffs' claims speaks volumes in that it dramatically demonstrates that there simply is no substance behind plaintiffs' allegations.

Assuming that the Court decides to consider the declarations attached to a *separate pleading*, the deficiencies in those declarations are already outlined in defendant's Brief in Support of Motion for Summary Judgment. The point here is that plaintiffs have failed to meet sworn proof with sworn proof as required by applicable law and they fail to state "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

Along these same lines, the plaintiffs' Response states, in several places, that plaintiffs have filed declarations "alleging" violations. As will be briefed below, mere "allegations" are an inadequate response to sworn proof.

## II.

## APPLICABLE LAW

Plaintiffs attempt to skirt the significance of their inadequate declarations with two arguments, which will be addressed below.

A.

The plaintiffs first argue that defendant's Motion should be denied because summary judgment is a drastic and disfavored procedure.

However, the cases cited by plaintiffs for this argument are all old cases that predate the line of decisions by the U. S. Supreme Court, which elevated summary judgment into a more effective procedure for eliminating frivolous cases.

More specifically, in 1986 the U.S. Supreme Court decided three cases, which substantially changed Federal summary judgment practice and expanded the trial judge's evidentiary review at the summary judgment stage. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Industrial Co. v. Zenith Radio Corp. 475 U.S. 574 (1986). As a result of these three cases, the Federal summary judgment procedure "has been transformed into a mechanism to assess plaintiff's likelihood of success of prevailing at trial." Samuel Issacharoff and George Loewenstein, Second Thoughts About Summary Judgment, 100 Yale L.J. 73, 88-89, note 17.

The Court first signaled a liberalized view of the Federal summary judgment procedure in the Matsushita case where the Court held that the non-moving party must do more than "simply show that there is some metaphysical doubt" as to the material facts. The Court went on to state that "where the record taken as a whole could not lead a trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " Finally, the Court held that the non-moving party must come forward with more persuasive evidence to support its claim than would otherwise be necessary if the claim is "implausible" in light of the factual context. Matsushita at 586-587.

The Court next signaled a liberalized view of the Federal summary judgment procedure in the Anderson case where the Court held that Rule 56 must be construed with due regard, not only for the rights of the persons asserting claims to have those claims and defenses tried before a jury, but also for the rights of persons opposing such claims and defenses to demonstrate, in the manner provided by Rule 56, that the alleged claims and defenses have no factual basis. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

Finally in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the United States Supreme Court, interpreting Rule 56, held that summary judgment procedure is properly regarded, not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action. . ." Id. at 327.

The Eighth Circuit Court of Appeals, likewise, has routinely held that the summary judgment procedure is appropriate where the facts clearly demonstrate that no genuine issues of fact remain to be tried and the moving party is entitled to judgment as a matter of law. Pfoutz v. State Farm Mut. Auto. Ins. Co., 861 F.2d 527, 529 (8th Cir. 1988); Bellflower v. Pennise, 548 F.2d 776, 778 (8th Cir. 1977); Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207, 209-10 (8th Cir. 1976). Furthermore, the Eighth Circuit noted that summary judgment is a procedure which advances the statutory objective of "avoiding a useless, expensive, and time consuming trial where there is no genuine material fact issue to be tried." Lyons v. Board of Educ., 523 F.2d 340, 347 (8th Cir. 1975).

Under current law, the burden of demonstrating that summary judgment is proper rests in the first instance upon the party moving for summary judgment. The moving party can satisfy its initial burden by attaching to its motion appropriate documentation demonstrating specific facts,

which, if true, would entitle the moving party to a summary judgment as a matter of law. Adler v. Glickman, 87 F.3d 956 (7th Cir. 1996); Bashara v. Black Hills Corp., 26 F.3d 820 (8th Cir. 1994); Clark v. Coates & Clark, Inc., 929 F. 2d 604 (11th Cir. 1991). To this end, defendant attached twenty-six (26) sworn affidavits to its Motion for Summary Judgment.

Once the moving party comes forward with specific facts entitling it to the relief sought as a matter of law, the burden shifts to the respondent. At this point, the respondent may not rest upon the allegations of the pleadings, but must file a response setting forth specific facts, which create a genuine issue for trial. Mere allegations are not adequate. Adler v. Glickman, 87 F.3d 956 (7th Cir. 1996); Bashara v. Black Hills Corp., 26 F.3d 820 (8th Cir. 1994); Clark v. Coates & Clark, Inc., 929 F. 2d 604 (11th Cir. 1991). This requirement is specifically written into Federal Rule of Civil Procedure 56(e)(2), which expressly provides, in part, as follows:

> "When a Motion for Summary Judgment is properly made and supported, an opposing party *may not rely merely on allegations or denials* in its own pleadings; rather, its response *must* – by affidavits or otherwise provided in this rule – set out *specific facts showing a genuine issue for trial* . . . (emphasis added)"

In this case, the plaintiffs have failed to provide the Court with affidavits or other sworn testimony adequate to dispute numerous key points in the affidavits attached to defendant's Motion for Summary Judgment. The declarations, which were provided by the plaintiffs and attached to a different Motion, contain only minimal conclusory statements and contradict plaintiffs' own responses to discovery.

B.

The plaintiffs' second argument is a little puzzling. In their Response, the plaintiffs essentially concede the vague and brief nature of their declarations and then argue that the

brevity is not due to any lack of factual evidence to support their allegations, but rather reflects the fact that the declarations were given to support a Motion for Conditional Class Certification.

The problem with this argument is that plaintiffs are now attempting to use these declarations in order to avoid a summary judgment and that is a separate matter from plaintiffs' Motion for Conditional Class Certification with an entirely different standard.

Plaintiffs provide no sworn proof or valid legal argument to rebut defendant's argument that plaintiffs must show defendant knew or should have known that plaintiffs worked without proper compensation. See White v. Baptist Memorial Health Care Corp., 699 F.3d 869, 873 (6th Cir. 2012). Vague allegations included in declarations attached to a different pleading fall well short of the burden plaintiffs must reach.

Plaintiffs' arguments seem to suggest a lack of recognition and understanding that defendant's Motion for Summary Judgment is directed at the fundamental absence of factual support for plaintiffs' individual claims, as opposed to the Motion for Conditional Class Certification. Plaintiffs simply do not address this lack of factual support in any sufficient manner.

Federal Rule of Civil Procedure 56 does not contain any exception stating that some lesser standard applies to summary judgment motions when plaintiffs have filed a separate motion for the action to be certified as a collective action. The other pending Motion before the Court does not in any way lessen the standard required by plaintiffs in a Summary Judgment Response. Once defendant files a properly documented Motion for Summary Judgment, the plaintiffs still have an obligation to file affidavits stating specific facts showing a genuine issue for trial.

Plaintiffs have failed to do this for the reasons stated in defendant's Brief in Support of Motion for Summary Judgment.

### III.

WHEREFORE, the defendant, Delta Memorial Hospital, prays that this Court grant its Motion for Summary Judgment for costs, and for all other proper relief.

RESPECTFULLY SUBMITTED,

GILL LAW FIRM, PLC
Post Office Box 70
Dumas, AR 71639
(870) 382-4988 Telephone
(870) 382-4992 Facsimile
gillfirm@centurytel.net

By: _____
B. Page Gill (ABN 2012158)

ATTORNEYS FOR THE DEFENDANT

### CERTIFICATE OF SERVICE

I, B. Page Gill, attorney for the defendant, do hereby certify that a true and correct copy of the foregoing document was served via electronic mail and via U. S. Postal Service to the following:

Maryna O. Jackson, Esq.
John T. Holleman, Esq.
HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, AR 72201
jholleman@johnholleman.net
maryna@johnholleman.net

William B. Ryan, Esq.
Bryce W. Ashby, Esq.
DONATI LAW FIRM, LLP
1545 Union Avenue
Memphis, TN 38104
billy@donatilawfirm.com
bryce@donatilawfirm.com

on this 13 day of March, 2013.

_____
B. Page Gill