## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN   DIVISION

| | | |
|---|---|---|
| DONNA BUTCHER, MELLIE | * | |
| BUCHANON, HATTIE | * | |
| STOVALL, JESSICA KIZER, | * | |
| KENNETTA JOINER, AND | * | |
| ANDREA McTIGRIT, | * | |
| Individually and on behalf of | * | NO: 5:12CV00241   SWW |
| others similarly situated | * | |
| | * | |
| PLAINTIFFS | * | |
| | * | |
| V. | * | |
| | * | |
| DELTA MEMORIAL HOSPITAL | * | |
| | * | |
| DEFENDANT | * | |

## ORDER

Six former employees of Defendant Delta Memorial Hospital ("Delta")

bring this putative collective action pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 *et seq.*, seeking compensation for overtime.  The case

is before the Court on (1) Plaintiffs' motion for conditional certification (docket

entries #19, #20), Delta's response in opposition (docket entries #32, #33), and

Plaintiffs' reply (docket entry #34 ); (2) Delta's motion for summary judgment

(docket entries #35, #36, #37), Plaintiffs' response in opposition (docket entries

#38, #39), and Delta's reply (docket entry #40);[1] and (3) Plaintiffs' motion to amend (docket entry #44), Delta's response in opposition (docket entry #45), and Plaintiffs' reply (docket entry #46).  After careful consideration, and for reasons that follow, Plaintiffs' motion for conditional certification is denied, Delta's motion for summary judgment is granted in part and denied in part, and Plaintiffs' motion to amend is denied.

## I. Background

Plaintiffs Donna Butcher, Mellie Buchanon, Hattie Stovall, Jessica Kizzer, Kenneta Joiner, and Andrea McTigrit, all former employees of Delta's hospital in Dumas, Arkansas, bring this putative collective action on behalf of themselves and other past and current Delta employees.  Plaintiffs claim that during their employment, they regularly worked through their thirty-minute lunch breaks because of "understaffing and the amount of business that the [hospital] received." ECF Nos. 20-1 through 25-5, ¶4.  Plaintiffs also claim that even though Delta knew or should have known that they regularly worked through lunch, the hospital automatically deducted a thirty-minute lunch break from their daily time records, which effectively denied them compensation for overtime.

---

[1]Plaintiffs filed a motion asking the Court to strike Delta's reply on the ground that it was filed a week past the filing deadline.  Delta's reply focuses on the same arguments presented in support of its motion for summary judgment, and Plaintiffs will suffer no prejudice if Court considers that filing.  Accordingly, Plaintiffs' motion to strike will be denied.

Butcher, Stovall, and Kizer report that they were unaware of a "system" by which they could claim compensation for a missed lunch period. *See* ECF No. 20-1 (Butcher Decl., ¶¶ 4-5); ECF No. 20-3 (Stovall Decl., ¶¶ 4-5); ECF No. 20-4 (Kizer Decl., ¶¶ 4-5) . Buchanon and McTigrit, on the other hand, state that they were able to reclaim a missed lunch periods "on a few occasions," but they were never able to reclaim the time consistently. *See* ECF No. 20-2 (Buchanon Decl., ¶5), ECF No. 20-5 (McTigrit Decl. ¶5). Plaintiffs also claim that Delta's time rounding practices caused them to work "off the clock" without compensation.

## II. <u>Motion for Conditional Certification of a Collective Action</u>

Plaintiffs wishing to sue on behalf of a class under the FLSA must utilize the opt-in class mechanism provided in 29 U.S.C. § 216(b) instead of the opt-out class procedures provided under Federal Rule of Civil Procedure 23. *See Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace Inc. v. Costa*, 539 U.S. 90 (2003). Section 216(b) provides for a class action where the complaining employees are "similarly situated." *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). Unlike class actions under Federal Rule of Civil Procedure 23, "'[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such

action is brought.'" *Id.* (quoting § 216(b)).  District courts have discretionary power "in appropriate cases" to authorize the sending of notice to potential class members in a collective action. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  In determining whether an opt-in case is appropriate for court-authorized notice, the central question is whether plaintiffs have established that they and the putative class members are "similarly situated" for purposes of § 216(b).  *See Thiessen*, 267 F.3d at 1102; *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 265-67 (D. Minn. 1991).

This Court has adopted the basic framework of the two-tiered *ad hoc* approach outlined in *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace Inc. v. Costa*, 539 U.S. 90 (2003), for determining whether plaintiffs and absent class members are similarly situated.  *See Musticchi v. City of Little Rock*, No. 4:08cv00419 SWW (E.D. Ark. Feb. 2, 2009)(order granting conditional class certification).  The approach set forth in *Mooney* is as follows:

> The first determination is made at the so-called "notice stage."  At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members.
>
> Because the Court has minimal evidence, this determination is made using a fairly lenient standard, and typically results

> in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives – *i.e.* the original plaintiffs – proceed to trial on their individual claims.

54 F.3d at 1213-14 (internal footnote omitted).

At the "notice stage," the Court makes an initial determination, under a lenient standard, whether the named plaintiffs and the putative class members are "similarly situated." The plaintiff bears the burden of proof at this stage, and "'can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Wheeler v. Baxter Healthcare Corp.*, No. 4:11CV00263 JLH, 2011 WL 5402446, *2 (E.D. Ark. Nov. 8, 2011)(quoting *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007)).

Plaintiffs can satisfy their burden by presenting detailed allegations supported by affidavits, but they "may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations.'" *Littlefield v. Dealer Warranty Servs ., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010)(citation omitted).

This Court also requires that named plaintiffs make a preliminary factual showing that similarly-situated potential plaintiffs actually exist. *See Musticchi v. City of Little Rock*, No. 4:08cv00419 SWW (E.D. Ark. Feb. 2, 2009)(order granting conditional class certification at 6). "Without such a requirement, it is doubtful that § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse." *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1314 (M.D. Ala. 2002). "The courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation," *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991), and "an employer should not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense." *D'anna v. M/A-Com, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995).

Additionally, this Court agrees with those courts that require evidence that other similarly-situated individuals desire to opt into the litigation. *See Dybach v.*

*State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567–68 (11th Cir. 1991);

*Alvarez v. Sun Commodities, Inc.*, 2012 WL 2344577, *2 (S.D. Fla. 2012);

*Johnson v. VCG Holding Corp.*, 802 F. Supp.2d 227, 239 (D. Me. July 25, 2011);

*McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 805 (S.D. Tex. 2010);  *Salazar v. Agriprocessors, Inc.*, 2008 WL 782803 (N.D. Iowa 2008); *Saxton v. Title Max of Alabama, Inc.*, 431 F. Supp. 2d 1185, 1187 (N.D. Ala. 2006).  The Court recognizes that district courts within the Eighth Circuit differ as to whether and by what means a plaintiff must demonstrate that similarly-situated individuals are interested in joining the proposed collective action.  *See e.g.*, *Ford v. Townsends of Ark., Inc.,* 4:08CV00598 BSM*,* 2010 WL 1433455, *5 (E.D. Ark. April 9, 2010)(no showing required)(citing *Helmert v. Butterball*, No. 4:08CV00342 JLH, 2009 WL 5066759, at *3 (E.D.Ark. Dec. 15, 2009));  *Musticchi v. Little Rock*, No. 4:08CV00419 SWW (E.D.Ark. Feb. 2, 2009) (showing required);[2] *Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97 (S.D. Iowa 2008) (showing required); *Kautsch v. Premier Communications*, 504 F. Supp.2d 685 (W.D. Mo.2007) (no showing required).   However, this Court continues to

---

[2]In *Musticchi v. City of Little Rock*, No. 4:08cv00419 SWW (E.D. Ark.), this Court found that the plaintiff made a sufficient showing that similarly-situated individuals desired to "opt in" based on the submission of several consent forms by opt-in candidates and the named plaintiff's representation that others had expressed an interest in opting in.  *See Musticchi, ECF No. 26(*order granting conditional class certification at pages 7-8).

find that plaintiffs must do more than speculate that putative opt-in plaintiffs would be interested in joining a collective action.  Without such a requirement, the parties and the Court could waste valuable resources issuing notice to potential plaintiffs[3] only to find that the case cannot proceed as a collective action.  *See Parker v. Rowland Express, Inc*., 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007)(stating that "a plaintiff must do more than show the mere existence of other similarly situated persons because there is no guarantee that those persons will actually seek to join the lawsuit"); *see also Bouaphakeo v. Tyson Foods, Inc*.  564 F. Supp. 2d 870, 892 (N.D. Iowa 2008)(citation and internal quotation marks omitted)("[O]ther's interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants.").

In an effort to show that they were victims of a common policy that violated the FLSA, five of the six named plaintiffs present sworn declarations stating that they frequently worked through their thirty-minute meal periods and went uncompensated for that time.  *See* ECF Nos. 20-1 through 20-5 (Butcher, Buchanon, Stovall, Kizer, McTigrit Decls.).  The declarants held different positions at the hospital and worked in different departments, but they all worked

---

[3]The effectiveness of a collective action under the FLSA depends on accurate and timely notice to potential opt-in plaintiffs, and considerable time, effort, and litigation is often devoted to issues regarding the content and transmission of court-approved notice.

at Delta's hospital in Dumas.  Plaintiffs Butcher, Stovall, and Kizer testify that during their employment, they were unaware of any "system" by which they could reclaim the thirty-minute time period that Delta automatically deducted from their daily time records.  *See* ECF Nos. 20-1, 20-3, 20-4.  But plaintiffs McTigrit and Buchanon testify that they were unable to reclaim time for missed lunch breaks on a consistent basis.  *See* ECF Nos. 20-2, 20-5.

The separate plaintiffs' declarations are silent on the subject of other similarly-situated employees, and they are void of testimony indicating that other past or current employees have an interest in joining this lawsuit.  Additionally, the declarations include no testimony regarding Delta's time rounding practices.

Delta asserts several arguments in opposition to conditional certification. First, Delta argues that Plaintiffs fail to state a claim because the FLSA permits the practices of time rounding and automatic deductions for meal periods.   However, liability under the FLSA depends on whether the employer suffered or permitted an employee to work uncompensated overtime, and an employer "suffers or permits" work if it knows or has reason to believe that work was performed.  *See* 29 C.F.R. § 785.11.  Here, Plaintiffs allege facts sufficient to state a claim for relief:  that Delta was aware that its automatic, thirty-minute deduction practice caused employees to work overtime without compensation.

Second, Delta contends that Plaintiffs have failed to meet their burden to show that Delta knew or should have known that it engaged in a widespread practice or plan that violated the FLSA.  However, Plaintiffs shoulder no such burden at the notice stage.

Third, Delta asserts that Plaintiffs have failed to demonstrate the existence of similarly-situated employees who desire to join this lawsuit.  The Court agrees. "The mere anticipation that others may want to join the lawsuit or the mere presence of a uniformly adverse compensation policy is insufficient by itself [to warrant the creation of a collective action]."  *Guerra v. Big Johnson Concrete Pumping, Inc*., No. 2:05CV14237, 2006 WL 2290512, *10 (S.D. Fla. May 17, 2006).   Although courts have granted conditional certification based on a single affidavit or consent to join the case by at least one similarly-situated individual, the named plaintiffs in this case provide no such evidence.  Here, the named plaintiffs submit forms stating that they consent to join this action, but they present no evidence that other similarly-situated individuals, who are not already parties to this lawsuit, give consent or desire to opt-in.

Plaintiffs argue that the similarity of their individual claims, standing alone, "*suggests* that other plaintiffs, working at the same location and bound by the same policies, likely exist."  ECF No. 34, at 10 (emphasis added).   However, for

important reasons previously noted, Plaintiffs shoulder the burden to present evidence of other similarly-situated individuals, who desire to opt into this litigation. Plaintiffs' declarations are void of any information or suggestion regarding *other* similarly-situated individuals. Accordingly, conditional certification is denied without prejudice. This ruling does not preclude Plaintiffs from reasserting their motion based on supplemental evidence.

### III. <u>Motion for Summary Judgment</u>

Delta moves for summary judgment, arguing that it is clear from the record that Plaintiffs' allegations are conclusory and have no basis in fact. Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)).   "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8ᵗʰ Cir. 1995).

### **Time Rounding**

Separate plaintiffs Butcher, Buchanon, Stovall, and Kizer allege that during their employment with Delta,  when they arrived to work early and clocked in before their scheduled shift, Delta's time clock would automatically "round up" to reflect the scheduled clock-in time instead of the time that they actually began working.  The separate plaintiffs further allege that if they worked past their scheduled shifts, the time clock "rounded the time backward" to reflect the scheduled clock-out time.  Department of Labor regulations address the practice of time rounding as follows:

> "Rounding" practices. It has been found that in some industries, particularly where time clocks are used, there has been the practice for many years of recording the employees' starting time and stopping time to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour. Presumably, this arrangement averages out so that the employees are fully compensated for all the time they actually work. For enforcement

purposes this practice of computing working time will be accepted, provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked.

29 CFR § 785.48.

Delta presents the affidavit of Chris Bolin, the hospital's CEO, who testifies that at all relevant times, Delta's time clock consistently rounded to the nearest fifteen-minute interval, based on an 8-minute rounding rule.  Under such a rule, when an employee clocks in or out and no more than 7 minutes and 59 seconds have elapsed within a given quarter hour, time is rounded back to the nearest quarter hour; but if 8 or more minutes have elapsed, time is rounded up to the nearest quarter hour.

Delta also presents the affidavits of sixteen current and former Delta employees who worked as supervisors during the relevant time period.  *See* ECF Nos. 35-13 through 35-27.  With minor variations, the supervisors' affidavits contain identical statements, which repeat Bolin's description of Delta's time rounding practice.

Plaintiffs acknowledge that a facially-neutral time rounding practice does not violate the FLSA, but they assert that a question remains as to "whether [Delta's] clock, now and during all times relevant to this suit, rounded in such a fashion."  ECF No. 38, at 8.  According to Plaintiffs' unverified complaint

13

allegations, Delta's time rounding practice always benefitted Delta and worked against Plaintiffs.

Delta has presented admissible evidence that during the relevant time period, it consistently employed a facially-neutral time rounding practice, which is sanctioned by Department of Labor regulations.   Given that evidence, Plaintiffs may not avoid summary judgment by reasserting the complaint allegations. Instead, Plaintiffs shoulder the burden to come forward with specific facts showing genuine issues for trial, and they have failed to do so.

Plaintiffs argue that discovery in this case is "far from over" and that "[t]his factor alone weighs heavily against a finding for summary judgment, as courts have been extraordinarily reluctant to dispose of a matter in which discovery has not yet closed."  ECF No. 38, at 2.  Plaintiffs are mistaken.  When a party resisting summary judgment is unable to adequately respond due to lack of  discovery, he or she may seek relief under Rule 56(d).  Under Rule 56(d), formerly Rule 56(f), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to summary judgment], the court may . . . defer considering the motion or deny it; . . . or issue any other appropriate order." Fed. Rule Civ. P. 56(d).   In this case, Plaintiffs do not make a specific request for relief under Rule 56(d), nor do they provide specific facts explaining

14

how further discovery will enable them to overcome Delta's proof.   In sum, the Court finds no cause for delaying a decision on Delta's motion for summary judgment.

## Automatic Deduction for Thirty-Minute Lunch Break

Bolin testifies that at all relevant times, Delta granted all hourly employees a thirty-minute lunch break, which could be taken inside or outside of the hospital. Bolin states that pursuant to hospital policy, employees who left the hospital at lunch were required to clock out when they left and clock in when they returned; but if an employee did not leave the hospital during his or her lunch period, the time clock automatically deducted thirty minutes.

Bolin reports that hospital policy required that if an employee worked through his or her lunch break, it was the employee's responsibility to notify his or her supervisor, who would override the automatic deduction to reflect the actual time worked.  Bolin explains: "This was because employees often took their lunch break at irregular times, as time permitted, and there was no way for the hospital to know if an employee never took a lunch break unless the employee told their supervisor."  *Id*. (Bolin Aff., ¶ 39).   Bolin states that he is not aware of  instances where a supervisor failed to follow the foregoing policy, nor is he aware of circumstances that put Delta on notice that employees were not reporting missed

lunch breaks.

Delta points to testimony set forth in the aforementioned supervisor affidavits, which repeats Bolin's assertion that "the employee was responsible for notifying the employee's supervisor so the supervisor could override the automatic deduction to reflect the time worked." ECF Nos. 31-13 through 31-27. Each supervisor affidavit contains the following statement:

> I can state that, in my capacity as a supervisor, I never failed to make such an adjustment if a request was made to me by an employee under my supervision. In addition, I am not aware of any situation where any employee ever requested an adjustment and the hospital failed to make the adjustment. Certainly no employee made such a complaint to me.

*Id*.

Delta argues that in light of the evidence presented, each plaintiff has the burden to show either that she notified a supervisor that she missed lunch breaks and the supervisor failed to adjust her time record, or that a supervisor had reason to know about the plaintiff's missed lunch breaks. Regarding the first alternative, Delta reports that in response to discovery requests, Plaintiffs were unable to "cite even one specific instance where they asked a supervisor to modify a time card, and the hospital failed to do so." ECF No. 36, at 21. However, liability under the FLSA does not depend on whether Plaintiffs fulfilled a duty to report overtime, but whether Delta knew or had reason to believe that Plaintiffs performed work for which they were not compensated. *See* 29 C.F.R. § 785.11.

As for the second alternative, each named plaintiff has alleged Delta "knew" that she worked though her lunch period.  Delta insists that the supervisors' testimony demonstrates that  Plaintiffs' allegations are untrue.  However, Delta fails to present evidence that the affiants served as Plaintiffs' supervisors or that the affiants have specific, personal knowledge regarding Plaintiffs' individual claims.  The supervisors' general and unvaried testimony simply fails to  demonstrate an absence of evidence to support Plaintiffs' claims.  Thus, Plaintiffs have no burden at this juncture to come forward with evidence supporting the claim that Delta knew that they worked through lunch breaks without compensation.

Finally, Delta asserts that there are no "genuine factual issues tending to prove the plaintiffs' claims that they worked more than [forty] hours per week without being compensated." EFC No. 36, at 22.   According to Delta, Plaintiffs can overcome summary judgment only if they come forward with specific facts to support their "conclusory allegations."  However, Delta submits no evidence demonstrating an absence of evidence that Plaintiffs worked overtime without compensation.  Accordingly, Plaintiffs' claims for overtime based on Delta's automatic thirty-minute deduction policy are not subject to dismissal on summary judgment.   However, for reasons previous stated, the Court finds no genuine

issues of fact with respect to Plaintiffs' claims for overtime based on Delta's time rounding policy.

## IV.  Motion to Amend

Plaintiffs seek leave to file an amended complaint that adds class action claims under Federal Rule of Civil Procedure 23 for unjust enrichment and promissory estoppel.  Delta opposes the motion and asserts that the amendment would cause it to suffer prejudice.  Plaintiffs contend that "[a]ll work that is to be done to maintain and certify a class action is upon Plaintiffs . . . and requires minimal work on the part of Defendant[, and] "Defendant has over two months in which to conduct any additional discovery . . . necessary."  ECF No. 46, at 2. Plaintiffs further state that the proposed unjust enrichment and promissory estoppel claims arise from the same facts underlying their original claims.

The Court denies Plaintiffs' request to amend the complaint for the purpose of joining class action allegations under Rule 23.  Rule 23(c)(1)(A) requires that district courts determine whether a class action is maintainable "at an early practicable time" after the commencement of an action, and Local Rule 23.1 provides that motions for class certification shall be filed according to the final scheduling order entered in a case.  In this case, the final scheduling order set February 16, 2013 as the deadline for Plaintiffs' motion for class certification, and

the Court finds that Plaintiffs fail to show good cause for altering that deadline.[4]

The Court further finds that the proposed amendment for class claims under Rule 23 would be futile.  *See Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir. 1999)(providing that permission to file an amended complaint may be denied when the proposed amendment would be futile).  The proposed complaint reveals that Plaintiffs seek class certification under Rule 23(b)(3) for adjudication of unjust enrichment and promissory estoppel claims of 100 to 300 present and former Delta employees, who went uncompensated for non-overtime or "straight-time" hours.[5] Certification is warranted under Rule 23(b)(3) only if a court finds that "the questions of law or fact common to class members predominate over any questions affecting only individual members . . . . " Fed. Rule Civ. P. 23(b)(3).  The

---

[4]Rule 16 of the Federal Rules of Civil Procedure requires a district judge to issue a scheduling order that limits the time to join parties, amend pleadings, complete discovery, and file motions, *see* Fed. R. Civ. P. 16(b)(1), and it provides that scheduling deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(4)(b); *see also Sherman v. Winco Fireworks, Inc*., 532 F.3d 709, 706 (8th Cir. 2008)(quoting *Sosa v. Airprint Sys., Inc*., 133 F.3d 1417, 1419 (11th Cir. 1998)("to permit district courts to consider motions . . . without regard to Rule 16(b) 'would render scheduling orders meaningless and effectively read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure'" ).

[5]The Fair Labor Standards Act provides no stand-alone claim for straight-time compensation.  *See Monahan v. County of Chesterfield, VA.*, 95 F.3d 1263, 1284 (4th Cir. 1996)("Absent a minimum wage/maximum hour violation, we find no remedy under the FLSA for pure gap [straight] time claims."); *Arnold v. Arkansas*, 910 F. Supp. 1385, 1394 (E.D. Ark. 1995)(holding that claims for straight time pay for work periods when no overtime was worked are not cognizable under the FLSA).

predominance standard requires that common questions predominate over individual questions, and it "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

In deciding whether common issues predominate over individual issues, a court must conduct a rigorous analysis, including an examination of what the parties would be required to prove at trial. *See In re Zurn Pex Plumbing Products Liability Litigation,* 644 F.3d 604, 611 (8th Cir. 2011)(citing *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir. 2010)). "The nature of the evidence that will suffice to resolve a question determines whether the question is common or individual." *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005). If the evidence required to resolve a particular question would vary among individual class members, it is an individual question. *See id*. But if the same evidence would suffice for each member, then it becomes a common question. *See id.*

Without question, claims for promissory estoppel would require the consideration of individual evidence regarding reliance,[6] which would overwhelm

---

[6]To determine whether Delta is equitably estopped with respect to a particular plaintiff, an individualized inquiry would be required to determine when the cause of action accrued, what misrepresentations were made and when, and whether the plaintiff relied on the misrepresentations. *See Van Dyke v. Glover ,* 326 Ark. 736, 745, 934 S.W.2d 204, 209 (1996).

any common questions of law or fact presented by class claims.

## V.  Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' motion for conditional certification (docket entry #19) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment (docket entry #35) is GRANTED IN PART AND DENIED IN PART.  Plaintiffs' claims based on time rounding practices are summarily dismissed, but Plaintiff's claims based on automatic time deductions for lunch breaks remain for trial.

IT IS FURTHER ORDERED that Plaintiffs' motion for leave to amend (docket entry #46) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to strike (docket entry #41) is DENIED.

IT IS SO ORDERED THIS 17TH DAY OF APRIL, 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE